# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7462 | **DATE** | 6/27/2011 |
| **CASE TITLE** | United States Securities & Exchange Commission vs. Moskop, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Exempt Private Pension [26] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    This case involves allegations by the United States Securities and Exchange Commission that Defendants Edward Moskop and Financial Services Moskop & Associates ("Defendants") engaged in investment fraud for more than 20 years. On November 27, 2010, an Order was entered freezing all of Defendants' accounts and assets. Defendants now move to exempt a monthly pension payment that Moskop receives from Prudential from this asset freeze. Moskop receives this pension for his work at Prudential from January 1970 through April 1981. Every month, Moskop receives a $337.95 payment from this pension, which is deposited directly into a frozen bank account.

    Defendants argue that ERISA's anti-alienation provision protects this pension from the court-imposed asset freeze. 29 U.S.C. § 1056(d)(1) ("Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."). The flaw in Defendants' argument is that all but one circuit which has considered this issue has held that this provision applies to retirement benefits when they are held by the plan administrator, not when they reach the beneficiary. *See Hoult v. Hoult*, 373 F.3d 47, 54 (1st Cir. 2004); *Wright v. Riveland,* 219 F.3d 905, 921 (9th Cir. 2000); *Robbins ex rel. Robbins v. DeBuono,* 218 F.3d 197, 203 (2d Cir. 2000); *Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 39 F.3d 1078, 1083 (10th Cir. 1994) (en banc); *Trucking Emps. of North Jersey Welfare Fund, Inc. v. Colville,* 16 F.3d 52, 56 (3d Cir. 1994); *but see United States v. Smith,* 47 F.3d 681, 683–84 (4th Cir. 1995) (barring alienation of benefits after distribution to the beneficiary if those benefits are post-retirement annuity payments). A court in this circuit has adopted the majority rule. *See Greve v. J.H. Patterson Co.*, No. 96-C-50424, 1999 WL 60144, at *3 (N.D. Ill. Feb. 4, 1999) ("[T]here does not seem to be any prohibition on the retirement funds once they have been distributed to the beneficiary.").

    The catch that exists here is that Moskop does not currently have access to the funds once they are deposited into his bank account, as the account is frozen. This has the practical effect of alienating Moskop's pension funds prior to his possession of them and after the plan administrator has relinquished control of them—a kind of pension fund purgatory. However, assuming, *arguendo*, that the funds are removed from the

| STATEMENT |
|---|
| frozen account, they would enter into Moskop's possession, at which time they would immediately become subject to the November 27, 2010, asset freeze. ERISA's anti-alienation provision in § 1056(d)(1), therefore, simply does not apply to the situation that exists with Moskop's Prudential pension. The monthly pension payments are properly subject to the Court's asset freeze Order.<br>      Accordingly, Defendants' Motion to Exempt Private Pension is denied. |